## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| _____ | |
| : | **Civil Action No.:** |
| DOUGLAS A. DENNING, on behalf of : | |
| himself and others similarly situated, : | |
| : | **COMPLAINT--CLASS ACTION** |
| Plaintiff, : | |
| : | |
| v. : | **JURY TRIAL DEMANDED** |
| : | |
| MANKIN LAW GROUP, P.A., : | |
| : | |
| Defendant. : | |
| _____ : | |

### Nature of the Action

1.     This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*., for the benefit of Florida consumers who have been the subject of improper debt collection efforts by Mankin Law Group, P.A. ("Defendant").

2.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

1

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.      Today, approximately half of all debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers do not owe.[2]

5.      The FDCPA, in part, prohibits false or misleading representations, and unfair or unconscionable means, in collecting or attempting to collect a debt—including falsely representing the amount of a debt. 15 U.S.C. §§ 1692e, 1692f.

6.      Florida's state-law analog—the FCCPA—offers many of the same protections and more. *See* Fla. Stat., § 559.552 ("This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency

---

[1]      *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited December 3, 2021).

[2]      *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act Annual Report 2021*, at 19 (2021), available at https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2021/ (last visited December 3, 2021).

between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.").

7.    Among the FCCPA's prohibitions: claiming or attempting to enforce a debt that is known not to be legitimate. *Id*., § 559.72(9).

8.    This case centers on Defendant's attempts to collect illegitimate debts in the form of improper association assessments and corresponding inflated interest charges.

## Parties

9.    Douglas A. Denning ("Plaintiff") is a natural person who at all relevant times resided in Pinellas County, Florida.

10.    Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, assessments due to Countryside North Community Association, Inc. ("Association") (the "Debt").

12.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.    Defendant is a law firm with its principal office in Pinellas County, Florida.

14.     Defendant touts itself "[a] leader in association representation for over 35 years," offering "cost-effective collections and general counsel services for homeowner and condominium associations in Florida."[3]

15.     Defendant's aim is "to help homeowner and condominium associations find greater peace of mind through financial stability and a more efficient way to collect their delinquent assessments."[4]

16.     Defendant advertises "decades of experience handling association legal matters," having "recover[ed] millions of dollars in assessment collections for [its] clients."[5]

17.     Defendant identifies itself as a debt collector on its website.[6]

18.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

---

[3]     https://mankinlawgroup.com/ (last visited December 3, 2021).

[4]     https://mankinlawgroup.com/meet-our-attorneys/ (last visited December 3, 2021).

[5]     https://mankinlawgroup.com/association-collections/ (last visited December 3, 2021).

[6]     *Id.*

19.    Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

20.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.    Defendant represented to Plaintiff that it is a debt collector, as shown below.

22.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Fla. Stat., § 559.55(7).

**Jurisdiction and Venue**

23.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

24.    Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district and as Defendant has its principal place of business in this district.

25.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## Factual Allegations

26.    On or about May 7, 2021, Defendant sent Plaintiff a written debt collection communication.

27.    A true and correct copy of the May 7 letter to Plaintiff is attached as Exhibit A.

28.    Defendant's May 7 letter begins: "Our office represents Countryside North Community Association, Inc. The Association's records indicate your account is now past due in the amount shown below." Ex. A at 1.

29.    Defendant warns: "We cannot stress enough the importance of bringing your account current." *Id.*

30.    Defendant then threatens: "If you account is not paid in full within forty-five (45) days from the date the notice is deposited in the mail (postmark of this letter), **including any assessments that may/will come due**, the association intends to file a Claim of Lien in the Public Records of Pinellas County, Florida." *Id.*

31.    Defendant demands payment of the following sums:

| | |
|---|---:|
| **1/13/20 Assessment Balance Due** | **$ 125.00** |
| **1/1/21 Annual Assessment** | **$ 125.00** |
| **Interest** | **$ 20.85** |
| **Association Collection Costs** | **$ 106.00** |
| **Certified and Regular Postage** | **$ 7.51** |
| **Deed/Title/Bankruptcy Search** | **$ 75.00** |
| **Attorney's Fees and Costs – Intent to Lien** | **$ 175.00** |
| **TOTAL** | **$ 634.36** |

*Id.*

32.     On the second page of the letter, Defendant again warns: "As your account is on attorney status, payments and communication should be directed to my office until the Intent to Lien is satisfied." *Id.* at 2.

33.     Defendant states at the bottom of each page in bold, capitalized letters: "**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**." *Id.*

34.     Plaintiff paid Defendant a total of $634.36 in June 2021.

35.     A "Master Declaration of Covenants, Conditions and Restrictions for Countryside North" (the "Declaration") was originally recorded at Book 5173 at Page 2158 of the Official Records of Pinellas County, Florida on April 8, 1981, and subsequently Revitalized and recorded at Book 20089 at Page 282 *et seq.* on June 13, 2018.

36.     A true and correct copy of the relevant portions of the Declaration is attached as Exhibit B.

37.    The Declaration allows the Association to levy annual assessments to, *inter alia*, care for the property maintained by the Association.

38.    From 2014 through 2016, the Association levied annual assessments of $50.

39.    In 2017, the Association increased its annual assessments to $100.

40.    In 2018, the Association again increased its annual assessments to $125.

41.    From 2019 through 2021, the Association's annual assessments remained at $125.

42.    As more fully set forth below, the increases in the Association's annual assessments from 2016 through and including 2021 were void and unenforceable.

43.    Pursuant to Article VI, Section 3 of the Declaration, the Association may increase annual assessments year-over-year (a) in line with the Tampa-area Consumer Price Index, or (b) by a vote of at least two-thirds of each class of members voting at a meeting duly called for the purpose of raising assessments.

44.    The Declaration at Article VI, Section 3 states as follows:

> **Section 3. Maximum Annual Assessment.** Until January 1 of the year immediately following the conveyance by the Declarant of the first Lot, Unit or Parcel to an Owner, the maximum annual assessment per Class A Lot shall be Eighty Dollars ($80.00). The maximum annual assessment for Class A Units and Class A Parcels shall be determined in the manner set forth in Section 6 of this Article.
>
> (a)  From and after January 1 of the year immediately following the conveyance by the Declarant of the first Lot, Unit or Parcel to an Owner, the maximum annual assessment for Class A Lots, Units and Parcels as stated above may be increased each year to reflect the increase, if any, in the Consumer Price Index for All Urban Consumers, All Items, published by the Bureau of Labor Statistics, U.S. Department of Labor for the area including or nearest to Tampa, Florida. The maximum annual assessment shall be determined by multiplying the maximum annual assessment then in effect by the Consumer Price Index for the most recent month available and dividing the product by the Consumer Price Index for the same month during the immediately preceding calendar year. Should the Consumer Price Index decrease, the maximum annual assessment shall be decreased accordingly. If publication of the Consumer Price Index should be discontinued, the Association shall use the most nearly comparable index, as determined and selected by the Board of Directors.
>
> (b)  From and after January 1 of the year immediately following the conveyance by the Declarant of the first Lot, Unit or Parcel to an Owner, the maximum annual assessment may be increased above the increase permitted by Section 3(a) above, by a vote of two-thirds (2/3rds) of each class of members who are voting in person or by proxy, at a meeting duly called for this purpose.

Ex. B.

45.    The assessment increase in 2017 from $50 to $100 represented a 100% year-over-year increase.

46.    The assessment increase in 2018 from $100 to $125 represented a 25% year-over-year increase.

47.    At no point in 2016 did the relevant Consumer Price Index for All Urban Consumers for the Tampa area, or for its surrounding region, increase by 25% or more.

48.    At no point in 2017 did the relevant Consumer Price Index for All Urban Consumers for the Tampa area, or for its surrounding region, increase by 25% or more.

49.    Upon information and good faith belief, at no time between 2016 and 2018 did the Association convene a meeting duly called for the purpose of voting to raise assessments.

50.    Upon information and good faith belief, at no time between 2016 and 2018 did the Association hold a meeting of the membership at which a quorum was present to approve, by vote of at least two-thirds of each class of members, an increase in annual assessments exceeding the relevant increase in the Tampa-area Consumer Price Index for All Urban Consumers, as expressly required by the Declaration at Article VI, Section 3.

## Class Action Allegations

51.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following two classes:

FDCPA Class: All persons (a) with a Florida address, (b) to whom Mankin Law Group, P.A. mailed a debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that attempted to collect (i) assessments owed to Countryside North Community Association, Inc. in the amount of $125 for 2020 and/or 2021, and/or (ii) interest on such assessments.

State Law Class: All persons (a) with a Florida address, (b) to whom Mankin Law Group, P.A. mailed a debt collection communication not

known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the two years preceding the date of this complaint, (e) that attempted to collect (i) assessments owed to Countryside North Community Association, Inc. in the amount of $125 for 2019, 2020 and/or 2021, and/or (ii) interest on such assessments.

52.    Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

53.    The classes satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

54.    The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

55.    The classes are ascertainable because they are defined by reference to objective criteria.

56.    In addition, upon information and belief, the names and addresses of all members of the proposed classes can be identified through business records maintained by Defendant.

57.    The classes satisfy Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the classes.

58.    Plaintiff's claims and those of the members of the classes originate from the same standardized debt collection letters utilized by Defendant, and

Plaintiff possesses the same interests and has suffered the same injuries as each member of the classes.

59.    Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the classes, and he has retained counsel experienced and competent in class action litigation.

60.    Plaintiff has no interests that are contrary to or in conflict with the members of the classes that he seeks to represent.

61.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

62.    Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the classes to individually redress the wrongs done to them.

63.    There will be no unusual difficulty in the management of this action as a class action.

64.    Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

65.    Among the issues of law and fact common to the classes are:

a.  Defendant's violations of the FDCPA as alleged herein;

b.  whether Defendant is a debt collector as defined by the FDCPA;

c.  the availability of statutory penalties and actual damages; and

d.  the availability of attorneys' fees and costs.

## Count I: Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A)
## On behalf of the FDCPA Class

66.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 65 above.

67.    The FDCPA at 15 U.S.C. § 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(2) The false representation of—

(A) the character, amount, or legal status of any debt;

68.    Defendant's May 7, 2021 communication to Plaintiff violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

69.    Specifically, Defendant attempted to collect alleged past due assessments owed to the Association in the amount of $125.00 dated January 13, 2020 and $125.00 dated January 1, 2021, plus related interest charges of $20.85. *See* Ex. A at 1.

70.    However, neither the Association nor Defendant had any basis to collect $125 per year in assessments for 2020 or 2021.

71.    This is because the Association's ability to increase assessments from one year to the next is limited by the Declaration, which states that annual assessments may be increased only in line with the Tampa-area Consumer Price Index or as otherwise approved by a vote of at least two-thirds of each class of members at a meeting duly called for the purpose of raising assessments.

72.    When the Association raised assessments in 2017 from $50 to $100, it had no authority to do so per the Declaration, as the percentage increase exceeded that allowed by the Declaration because it exceeded the relevant local Consumer Price Index movements over the prior year.

73.    Nor did the Association obtain a vote of at least two-thirds of each class of members to raise assessments to $100 at a duly called meeting for that purpose at any time in 2016 or 2017.

74.    When the Association again raised assessments in 2018 from $100 to $125, it had no authority to do so per the Declaration, as the percentage increase exceeded that allowed by the Declaration because it exceeded the relevant local Consumer Price Index movements over the prior year.

75.    Nor did the Association obtain a vote of at least two-thirds of each class of members to raise assessments to $125 at a duly called meeting for that purpose at any time in 2017 or 2018.

76.    Correspondingly, beginning in 2017 and continuing through 2021, the Association attempted to collect, and did collect, improperly levied assessments that exceeded the limit allowed under the Declaration.

77.    In response to Defendant's demand letter, Plaintiff paid Defendant $634.36 in June 2021.

78.    By seeking to collect improperly levied assessments and associated interest charges on those void assessments, Defendant falsely represented the character, amount, or legal status of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

79.    The harm suffered by Plaintiff is particularized in that the violative debt collection letter was sent to him personally and regarded his personal Debt.

80.    And the violation of Plaintiff's right not to be the target of misleading and inflated debt collection communications is a concrete injury sufficient to confer standing.

81.    Indeed, the harm Plaintiff alleges here—being misled by a debt collector as to the true amount of his alleged debt and induced to pay an

improperly inflated amount—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

82.    What's more, Plaintiff suffered actual damages in the form of his making a payment of $634.36 in June 2021, which included improperly levied annual assessments and associated interest charges to which neither Defendant nor the Association was entitled.

83.    Thus, Defendant's false and misleading conduct caused Plaintiff to pay money that he did not owe.

## Count II: Violation of the FDCPA, 15 U.S.C. § 1692f(1)
## On behalf of the FDCPA Class

84.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 65 above.

85.    The FDCPA at 15 U.S.C. § 1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

86.    Defendant's May 7, 2021 communication violated 15 U.S.C. § 1692f(1) by using unfair and unconscionable means to collect, or attempt to collect, Plaintiff's Debt.

87.    Specifically, Defendant attempted to collect alleged past due assessments owed to the Association in the amount of $125.00 dated January 13, 2020 and $125.00 dated January 1, 2021, plus related interest charges of $20.85. *See* Ex. A at 1.

88.    However, neither the Association nor Defendant had any basis to collect $125 per year in assessments for 2020 or 2021.

89.    This is because the Association's ability to increase assessments from one year to the next is limited by the Declaration, which states that annual assessments may be increased only in line with the Tampa-area Consumer Price Index or as otherwise approved by a vote of at least two-thirds of each class of members at a meeting duly called for the purpose of raising assessments.

90.    When the Association raised assessments in 2017 from $50 to $100, it had no authority to do so per the Declaration, as the percentage increase exceeded that allowed by the Declaration because it exceeded the relevant local Consumer Price Index movements over the prior year.

91.    Nor did the Association obtain a vote of at least two-thirds of each class of members to raise assessments to $100 at a duly called meeting for that purpose at any time in 2016 or 2017.

92.    When the Association again raised assessments in 2018 from $100 to $125, it had no authority to do so per the Declaration, as the percentage increase exceeded that allowed by the Declaration because it exceeded the relevant local Consumer Price Index movements over the prior year.

93.    Nor did the Association obtain a vote of at least two-thirds of each class of members to raise assessments to $125 at a duly called meeting for that purpose at any time in 2017 or 2018.

94.    Correspondingly, beginning in 2017 and continuing through 2021, the Association attempted to collect, and did collect, improperly levied annual assessments that exceeded the limit allowed under the Declaration.

95.    In response to Defendant's demand letter, Plaintiff paid Defendant $634.36 in June 2021.

96.    By seeking to collect improperly levied assessments and associated interest charges on those void assessments, Defendant unfairly and unconscionably attempted to collect amounts not expressly authorized by the Declaration or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

97.    The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally and regarded his personal Debt.

98.    And the violation of Plaintiff's right not to be the target of unfair, inflated debt collection efforts is a concrete injury sufficient to confer standing.

99.    The harm Plaintiff alleges here—being subjected to collection efforts for false, inflated amounts, and being induced to pay such amounts—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

100.    Plaintiff also suffered actual damages in the form of his making a payment of $634.36 in June 2021, which included improperly levied assessments and associated interest charges to which neither Defendant nor the Association was entitled.

101.    Thus, Defendant's unfair and unconscionable conduct caused Plaintiff to pay money that he did not owe.

## Count III: Violation of Fla. Stat., § 559.72(9)
### On behalf of the State Law Class

102.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 65 above.

103.    The FCCPA at § 559.72(9) provides:

In collecting consumer debts, no person shall:

* * * *

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

104.  Through its May 7, 2021 communication to Plaintiff, and by attempting to collect improperly levied and void assessments and associated interest charges that Plaintiff did not owe, Defendant claimed, or attempted to enforce, a debt that it knew or should have known was not legitimate, in violation of Fla. Stat., § 559.72(9).

105.  In response to Defendant's May 7 letter, Plaintiff paid Defendant $634.36 in June 2021.

106.  Defendant therefore attempted to collect, and did collect, a debt that included assessments to the Association of $125.00 for 2020 and $125.00 for 2021, plus related interest charges for these amounts.

107.  However, neither the Association nor Defendant had any basis to collect $125 per year in assessments for 2020 or 2021.

108.  This is because the Association's ability to increase assessments from one year to the next is limited by the Declaration, which states that annual assessments may be increased only in line with the Tampa-area Consumer Price Index or as otherwise approved by a vote of at least two-thirds of each class of members at a meeting duly called for the purpose of raising assessments.

20

109. When the Association raised assessments in 2017 from $50 to $100, it had no authority to do so per the Declaration, as the percentage increase exceeded that allowed by the Declaration because it exceeded the relevant local Consumer Price Index movements over the prior year.

110. Nor did the Association obtain a vote of at least two-thirds of each class of members to raise assessments to $100 at a duly called meeting for that purpose at any time in 2016 or 2017.

111. When the Association again raised assessments in 2018 from $100 to $125, it had no authority to do so per the Declaration, as the percentage increase exceeded that allowed by the Declaration because it exceeded the relevant local Consumer Price Index movements over the prior year.

112. Nor did the Association obtain a vote of at least two-thirds of each class of members to raise assessments to $125 at a duly called meeting for that purpose at any time in 2017 or 2018.

113. Correspondingly, beginning in 2017 and continuing through 2021, the Association attempted to collect, and did collect, improperly levied annual assessments that exceeded the limit allowed under the Declaration.

114. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal

Debt, and wrongly claimed or attempted to enforce a debt that Plaintiff did not owe, and which therefore was not legitimate.

115.   Likewise, Defendant's actions created a concrete harm in that they constituted debt collection practices that the Florida legislature specifically prohibited to prevent debt collector abuse of consumers like Plaintiff.

116.   Plaintiff also suffered actual damages in the form of his making a payment of $634.36 in June 2021, which included improperly levied assessments and associated interest charges on those void assessments to which neither Defendant nor the Association was entitled.

117.   Thus, Defendant's collection of a debt it knew or should have known to be illegitimate caused Plaintiff to pay money that he did not owe

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

> A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;
>
> B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1);
>
> C. Adjudging and declaring that Defendant violated Fla. Stat., § 559.72(9);

D. Awarding Plaintiff and members of the classes statutory damages pursuant to 15 U.S.C. § 1692k and Fla. Stat., § 559.77(2);

E. Awarding Plaintiff and members of the classes actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k and Fla. Stat., § 559.77(2);

F. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1), and Fla. Stat., § 559.72(9), with respect to Plaintiff and the classes;

G. Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k, Fla. Stat., § 559.77(2), and Rule 23 of the Federal Rules of Civil Procedure;

H. Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Awarding other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  December 3, 2021                    Respectfully submitted,

                                            /s/ Jesse S. Johnson
                                            James L. Davidson
                                            Florida Bar No. 723371
                                            Jesse S. Johnson (Lead Counsel)
                                            Florida Bar No. 69154
                                            Greenwald Davidson Radbil PLLC
                                            7601 N. Federal Highway, Suite A-230
                                            Boca Raton, FL 33487
                                            Tel: (561) 826-5477
                                            jdavidson@gdrlawfirm.com
                                            jjohnson@gdrlawfirm.com

                                            *Counsel for Plaintiff and the proposed
                                            classes*