UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DOUGLAS A. DENNING,**

    **Plaintiff,**

**v.**                                                Case No: 8:21-cv-2822-MSS-MRM

**MANKIN LAW GROUP, P.A.,**

    **Defendant.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, (Dkt. 44), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiff's Motion (the "Settlement Agreement").[1] Having considered the issue, the Court hereby **GRANTS** the Motion, (Dkt. 44), and **ORDERS** as follows:

    1.     If Defendant has not already done so, then pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, within 10 days of this Order, Defendant will cause to be served written notice of the proposed class settlement on the United States Attorney General and the attorneys general for those states in which a class member resides.

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

2. The Settlement Agreement provides for a Settlement Class defined as follows:

> **Class:** All persons (a) with a Florida address, (b) to whom Mankin Law Group, P.A. mailed a debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between December 4, 2019 and September 21, 2022, (e) in which Mankin Law Group, P.A. attempted to collect assessments owed to Countryside North Community Association, Inc. in the amount of $125 for 2019, 2020, and/or 2021, and/or interest on such assessments.
>
> **Subclass:** All persons (a) with a Florida address, (b) to whom Mankin Law Group, P.A. mailed a debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between December 4, 2019 and September 21, 2022, (e) in which Mankin Law Group, P.A. attempted to collect Case 8:21-cv-02822-MSS-MRM Document 44 Filed 10/26/22 Page 3 of 27 PageID 483 3 assessments owed to Countryside North Community Association, Inc. in the amount of $125 for 2019, 2020, and/or 2021, and/or interest on such assessments, and (f) who made a payment to Mankin Law Group, P.A. after receiving such communication.

(Dkt. 44-1 at 37-57).2

3. Pursuant to Rule 23, the Court appoints Douglas A. Denning as the Class Representative. The Court also appoints Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. See Brockman v. Mankin Law Group, P.A., No. 8:20-cv-893-MSS-JSS, 2020 WL 6106890 (M.D. Fla. Oct. 14, 2020) (appointing Greenwald

---

[2] Although the Court grants the Motion for preliminary approval, the Parties shall be prepared to discuss at the final fairness hearing the propriety of the $2,000 award to Plaintiff in light of the Eleventh Circuit's decision in Johnson v. NPAS Sols., LLC, 975 F.3d 1244, 1260 (11th Cir. 2020).

Davidson Radbil PLLC class counsel); Williams v. Bluestem Brands, Inc., No. 8:17-cv-1971, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019); Dickens v. GC Servs. Ltd. P'ship, 336 F. Supp. 3d 1369 (M.D. Fla. 2018) (same); Johnston v. Kass Shuler, P.A., No. 8:16-3390, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017) (same); Roundtree v. Bush Ross, P.A., 304 F.R.D 644 (M.D. Fla. 2015) (same).

4. This Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

> A. The Class Members and Subclass Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
> B. There are questions of law and fact common to the Class Members and Subclass Members, which predominate over any individual questions;
>
> C. The claims of the Plaintiff are typical of the claims of the Class Members and Subclass Members;
>
> D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members and Subclass Members; and
>
> E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

Brockman, 2020 WL 6106890, at *2 (certifying Fair Debt Collection Practices Act ("FDCPA") class for settlement purposes).

5. This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and Subclass Members, especially in light of (i) the benefits to the Class Members and

Subclass Members; (ii) the strengths and weaknesses of Plaintiff's case; (iii) the anticipated duration, complexity, and expense of additional litigation; (iv) the risk and delay inherent in such additional litigation and possible appeals; (v) the limited amount of any potential total recovery for the Class and Subclass, given the cap on statutory damages for claims brought pursuant to the FDCPA and Florida Consumer Collection Practices Act ("FCCPA"); and (vi) the opinion of Class Counsel, who are highly experienced in this area of class action litigation. See Leverso v. SouthTrust Bank of AL., N.A., 18 F.3d 1527, 1530 (11th Cir. 1994).

6.      A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members and Subclass Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members and Subclass Members. The costs of administration will be paid by Defendant separate and apart from the Settlement Funds. Upon the recommendation of the parties, this Court hereby appoints the following class administrator: Class-Settlement.com. See e.g., Acuna v. Medical-Commercial Audit, Inc., No. 9:21-cv-81256, 2022 WL 404674, at *2 (S.D. Fla. Feb. 9, 2022) (appointing Class-Settlement.com to administer FDCPA class settlement).

7.      This Court approves the form and substance of the direct mail class notice, attached to the Settlement Agreement as Exhibit C. The proposed form and method for notifying the Class Members and Subclass Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process,

4

constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice.

8. This Court finds that the proposed notice is clearly designed to advise the Class Members and Subclass Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members and Subclass Members as expeditiously as possible, but in no event later than **twenty (21) days** after the Court's entry of this order. The class administrator will confirm and, if necessary, update the addresses for the Class Members and Subclass Members through the standard methodology that the class administrator currently uses to update addresses.

9. Class Counsel's petition for an award of attorneys' fees and reimbursement of costs and expenses must be filed with the Court no later than **thirty (30) days** after the Court's entry of this order.

10. Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than **sixty (60) days** after the Court's entry of this order. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), include a statement that the Class Member wishes to be excluded, and be signed by the Class Member. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

11. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within **sixty (60) days** after the Court's entry of this order. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and counsel for Defendant, Thomas A. Conrad, Law Offices of John E. Korf, 1200 S. Pine Island Road, Suite 750, Plantation, FL 33324.

To be effective, a notice of intent to object to the settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 60 days after the Court preliminarily approves the settlement;

(d) Be sent to Class Counsel and counsel for Defendant at the addresses designated in the notice by first-class mail, postmarked no later than 60 days after the Court preliminarily approves the settlement;

(e) Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney, as well as a statement whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Middle District of Florida;

(f) Contain a statement of the specific basis for each objection, and provide evidence that the objector is a member of the class; and

(g) Include the signature of the objecting Class Member.

Any Class Member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the settlement, and on the application for an award of attorneys' fees, costs, and expenses.

12. Upon final approval from the Court, the class administrator will mail a settlement check to each Class Member and Subclass Member who does not exclude himself or herself. Each participating Class Member will receive a pro-rata portion of the $15,000 Class Fund. Each participating Subclass Member also will receive a pro-rata portion of the $8,880 Subclass Fund. Additionally, Defendant will pay to the Class Representative the total sum of $2,000, which includes statutory damages of $1,000 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)(i), and statutory damages of $1,000 pursuant to the FCCPA, Fla. Stat. § 559.77(2).

13. The Court will conduct a final fairness hearing on **March 22, 2023** at the Sam Gibbons United States Courthouse, Tampa Florida, Courtroom 7A before United States District Judge Mary S. Scriven, to review and rule upon the following issues:

> A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;
>
> B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and Subclass Members and should be approved by the Court;

  C. Whether a Final Approval Order, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Class Claims and Released Individual Claims against the Released Parties; and

  D. To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the final fairness hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

14. Submissions by the Parties in support of the settlement, including memoranda in support of final approval of the proposed settlement, and responses to any objections, must be filed with the Court no later than **twenty-eight (28) days** prior to the final fairness hearing. Opposition briefs to any of the foregoing must be filed no later than **fourteen (14) days** prior to the final fairness hearing.

15. This Order will be dissolved if any of the following occur:

  A. The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties; or

  B. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

16. If the Settlement Agreement and/or this order are dissolved, then the Settlement Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

17. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

18. The Court sets the following schedule:

| EVENT | DATE |
|---|---|
| Deadline for Class Notice to be Sent | November 18, 2022 |
| Deadline for Class Counsel's Petition for Attorneys' Fees, Costs, and Expenses | November 28, 2022 |
| Deadline to Send Exclusion or File Objection | January 6, 2023 |
| Deadline to file motion for final approval of settlement and responses to any timely submitted Class member objections, which shall include a declaration from the Settlement Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | February 22, 2023 |
| Deadline to file Opposition to Final Approval | March 8, 2023 |
| Final Fairness Hearing | March 22, 2023 |

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of November 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person