## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DOUGLAS A. DENNING,**

     **Plaintiff,**

**v.**                                                    **Case No: 8:21-cv-2822-MSS-MRM**

**MANKIN LAW GROUP, P.A.,**

     **Defendant.**

_____

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. (Dkt. 49) Upon consideration of all relevant filings, case law, arguments made at the March 22, 2023 Final Fairness hearing, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion.

On October 26, 2022, Douglas A. Denning ("Plaintiff") moved for the Court to preliminarily approve the Parties' proposed class settlement. (Dkt. 44) On November 4, 2022, Mankin Law Group, P.A. ("Defendant") served on all relevant authorities the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715. On November 15, 2022, this Court preliminarily approved the Parties' proposed settlement. (Dkt. 45) On November 6, 2022, Class-Settlement.com, the Court-approved class administrator, distributed notice of the Parties' proposed class

1

settlement, as ordered. On December 15, 2022, Plaintiff moved for approval of an award of attorneys' fees, costs, and litigation expenses. (Dkt. 47)

On February 15, 2023, United States Magistrate Judge Mac R. McCoy issued a Report and Recommendation, which recommended approval of Plaintiff's motion for attorneys' fees, costs, and litigation expenses. (Dkt. 48) Defendant did not object to the Report and Recommendation and the time for doing so has passed. On February 22, 2023, Plaintiff moved for final approval of the Parties' proposed settlement. (Dkt. 49) On March 22, 2023, this Court held a fairness hearing regarding the Parties' proposed settlement. Having considered Plaintiff's unopposed motions, this Court makes the following findings.

This Court confirms that it has jurisdiction over this matter and the Parties to it. This Court also confirms its certification of the following class and subclass, for settlement purposes, under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> **Class:** All persons (a) with a Florida address, (b) to whom Mankin Law Group, P.A. mailed a debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between December 4, 2019 and September 21, 2022, (e) in which Mankin Law Group, P.A. attempted to collect assessments owed to Countryside North Community Association, Inc. in the amount of $125 for 2019, 2020, and/or 2021, and/or interest on such assessments.

> **Subclass:** All persons (a) with a Florida address, (b) to whom Mankin Law Group, P.A. mailed a debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between December 4, 2019 and September 21, 2022, (e) in which Mankin Law Group, P.A. attempted to collect assessments owed to Countryside North Community Association, Inc. in the amount of $125 for 2019, 2020, and/or 2021, and/or interest on such

assessments, and (f) who made a payment to Mankin Law Group, P.A. after receiving such communication.

This Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

> 1. The members of the class and subclass are so numerous that joinder of all of them is impracticable;
>
> 2. There are questions of law and fact common to the class and subclass members, which predominate over any individual questions;
>
> 3. Plaintiff's claims are typical of the class members' and subclass members' claims;
>
> 4. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the class members and subclass members; and
>
> 5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

Brockman v. Mankin Law Group, P.A., No. 20-893, 2020 WL 6106890, at *2 (M.D. Fla. Oct. 14, 2020) (Scriven, J.) (certifying settlement class under the Fair Debt Collection Practices Act ("FDCPA")); Johnston v. Kass Shuler, P.A., No. 16-3390, 2017 WL 1231070, at *1 (M.D. Fla. Mar. 29, 2017) (Merryday, J.) (same).

This Court also confirms its appointment of Douglas A. Denning as class representative for the class and subclass and the following attorney and law firm as class counsel for class and subclass members:

> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, Florida 33431

See Brockman, 2020 WL 6106890, at *2 (appointing Greenwald Davidson Radbil PLLC class counsel in FDCPA litigation); Johnston, 2017 WL 1231070, at *1 (same); Roundtree v. Bush Ross, P.A., 304 F.R.D 644, 661, 664 (M.D. Fla. 2015) (Whittemore, J.) (same).

This Court approves the terms of the Parties' settlement, the material terms of which include, but are not limited to:

1. For class members, Defendant will create a class settlement fund in the amount of $15,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii) and Fla. Stat. § 559.77(2), which will be distributed on a pro-rata basis to all class members who do not exclude themselves.

2. For subclass members, Defendant separately will create a subclass settlement fund in the amount of $8,880 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii) and Fla. Stat. § 559.77(2), which will be distributed on a pro-rata basis to all subclass members who do not exclude themselves.

3. Defendant separately will pay to Plaintiff $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) and $1,000 pursuant to Fla. Stat. § 559.77(2), for a total sum of $2,000.

4. Defendant will pay all costs of class notice and administration of the settlement separate and apart from any monies paid to Plaintiff, class members, subclass members, or class counsel.

This Court additionally finds that the Parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable resolution under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. This Court similarly finds that the Parties' notice of class action settlement was adequate and gave all class members sufficient

4

information to enable them to make informed decisions as to the Parties' proposed settlement, and the right to object to, or opt out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class and subclass members. The class and subclass settlement funds, totaling $23,880, are more than adequate considering (1) the substantial monetary benefits to the class and subclass members, as well as the prospective relief afforded all consumers by way of Defendant's changed collection practices; (2) the strengths and weaknesses of Plaintiff's case on the merits and on the propriety of class certification; (3) the anticipated duration, complexity, and expense of additional litigation, including contested class certification and summary judgment motion practice, plus potentially trial and appeals thereafter; (4) the risk and delay inherent in such additional litigation and possible appeals, including the risks of establishing damages given the permissive nature of statutory damages under the FDCPA and Florida Consumer Collection Practices Act ("FCCPA"); (5) the limited amount of any potential total recovery for the class and subclass, given the caps on statutory damages for claims brought pursuant to the FDCPA and FCCPA; and (6) the opinion of class counsel, who are highly experienced in this area of consumer protection class action litigation. See Leverso v. SouthTrust Bank of AL., N.A., 18 F.3d 1527, 1530 (11th Cir. 1994).

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class member objected to the settlement or

requested to be excluded from the settlement. This order is thus binding on all class and subclass members.

This Court approves the individual and class releases set forth in the class action settlement agreement. (Dkt. 44-1) Upon payment of the consideration owed, the released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order. The Court approves the payment of $2,000 to Plaintiff in statutory damages under the FDCPA and FCCPA. The Court specifically finds that this payment does not run afoul to Johnson v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020), because the additional, individual damages to be awarded are also consideration for Plaintiff's broader release and for that reason do not constitute an impermissible incentive payment. This payment is to be made by Defendant separate and apart from the monies paid to class and subclass members, and thus will not diminish their individual recoveries.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, (Dkt. 17), is **GRANTED**;

2. The Report and Recommendation, (Dkt. 48), is **CONFIRMED** and **ADOPTED** as part of this Order;

3. Plaintiff's Motion for Approval of an Award of Attorneys' Fees, Costs, and Litigation Expenses, (Dkt. 47), is **GRANTED**;

4. Plaintiff is awarded $85,000.00 in attorney's fees and costs. The Clerk is **DIRECTED** to enter judgment accordingly;

5. This action is **DISMISSED WITH PREJUDICE** as to all other issues and as to all Parties and claims. This Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order; and

6. The Clerk is further **DIRECTED** to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of March 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person